UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PETER J. GARVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| SAINT LOUIS UNIVERSITY | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

COMES NOW, Plaintiff Peter J. Garvin, by and through his undersigned counsel, and for his Complaint and causes of action against Saint Louis University, states and alleges as follows:

JURISDICTION AND VENUE

1. Plaintiff Peter J. Garvin (hereinafter referred to as "Plaintiff") brings this action against Defendant Saint Louis University (hereinafter referred to as "Defendant") for their violations of Plaintiff's rights under the Constitution and laws of the United States of America.

2. This is an action for unlawful discrimination based on race brought under and pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §1981 and violation of the Missouri Service Letter Statute, pursuant to R.S.Mo. §290.140.

3. On or about October 21, 2019 Plaintiff was deemed to have filed his Charges of Discrimination with both the Missouri Commission on Human Rights (hereinafter referred to as "MCHR") and the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), complaining of the acts of discrimination based on race as alleged herein.

4. Plaintiff received his Notice of Right to Sue from the EEOC on or about October 21, 2019. See attached Notice of Right to Sue attached hereto, incorporated by reference herein and marked as Exhibit 1.

5.      Accordingly, Plaintiff has fully complied with all prerequisites to jurisdiction of this Court under Title VII, 42 U.S.C. §2000 et seq.

6.      The discriminatory action of Defendant occurred in the City of St. Louis, State of Missouri.

7.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 for Plaintiff's claims under Title VII, 42 U.S.C. §1981 relative to discrimination based on race, and more specifically this is a federal question of law.

8.      Venue is proper in this District pursuant to 28 U.S.C §1391(b)(2) in that Defendant's unlawful employment practices and misconduct were committed in the City of St. Louis, State of Missouri.

9.      Plaintiff requests a trial by jury on all issues triable to a jury.

## PARTIES

10.     Plaintiff Peter J. Garvin, was at all times relevant to this action a citizen and resident of the City of St. Louis, State of Missouri, and was continuously employed by Defendant from on or about February 26, 1996 through the present date.

11.     At all times relevant to this action, Defendant was a benevolent corporation, with a campus located in St. Louis City, Missouri and is an employer within the meaning of Title VII.

12.     All of Defendant's conduct, acts and omissions were performed by its agents, representatives and employees while in the course and scope of their agency employment.

## FACTS COMMON TO ALL COUNTS

13.     On or about February 26, 1996, Plaintiff was employed by Defendant in the position of Public Safety Officer, in the City of St. Louis, Missouri. Plaintiff's.

14. On August 8, 2018, Plaintiff's immediate supervisor was Sergeant Edward Agnew (White). On that date the Defendant's Department of Public Safety (DPS) dispatch center received a call from a person identifying themselves as an employee at the Pius Library, located on Defendant's campus. The reporting caller described the subject as a black male about 6 feet tall, curly hair and wearing black pants. At that time, dispatch did not provide any other descriptive details of the alleged suspect's clothing. It was also reported by another caller that an individual, that fit the same description, was running through Defendant's campus with a gun in his waistband. Plaintiff, along with other officers from DPS were dispatched to the scene to investigate and an emergency alert was sent through Defendant's RAVE notification system advising the student body of the threat.

15. Following the aforementioned dispatches, Plaintiff responded and during his response he came into contact with two non-University individuals, Darren Combs and Chris Bridgett at 3750 Lindell Blvd. on Defendant's campus.

16. Plaintiff determined, as he approached the individuals, that Mr. Combs matched the description on the dispatches. Plaintiff cautiously approached Mr. Combs and Mr. Bridgett and rode past them on his bicycle, when he notices that Mr. Combs had a sweatshirt tied around his waistband and "there was some obvious girth around his entire waist" as this was reportedly where the gun was reported to be on the suspect.

17. At the same time, Sergeant Agnew witnessed the actions of Plaintiff and as he approached Plaintiff, he asked Plaintiff if the one individual could be the person with the gun. Sergeant Agnew made a U-turn.

18. Mr. Combs alleged that Plaintiff pulled his pistol from his holster and pointed his weapon at him and Mr. Bridgett for no apparent reason. Mr. Combs contended that Plaintiff and

Sergeant Agnew then yelled at them to get down. Sergeant Agnew admitted that he ordered Mr. Combs and Mr. Bridgett to get to their knees and put their hands behind their hands interlocking their fingers. Sergeant Agnew performed a check of Mr. Bridgett and Plaintiff conducted a cursory check for a weapon on Mr. Combs. The checks of Mr. Bridgett and Mr. Combs concluded with no found weapons and then Sergeant Agnew handcuffed Mr. Bridgett to control the situation as Mr. Bridgett was closest to him.

19. At or around the same time of this interaction, Sergeant Andrew received an updated dispatch call that a subject matching the description was now seen by other DPS Officers at Grand and West Pine and had proceeded northbound to Grand and Lindell.

20. At that time, and during the same dispatch call, another African American Public Safety Officer (Officer 1) responded. Officer, Kimmett Dean (African American/Black) pulled his weapon on the wrong suspect in the same dispatch call. It was determined that the suspect in Officer Dean's stop was the actual initial victim that had reported being threatened with a gun.

21. Thereafter, following that incident by Officer Dean, pulling his weapon on the actual victim, Officer Dean approached a second suspect and again drew his weapon. It was determined that the second suspect was not the person who was described in the dispatches.

22. In addition, Officer Dean was the only DPS Officer to draw their weapon at both incidents wherein he had mistakenly identified a suspect. At both scenes, Officer Dean was accompanied by several other DPS Officers.

23. Following this event, Defendant conducted an investigation and determined on January 4, 2019 that Plaintiff had not violated Defendant's DPS' Racial Profiling policy, but that Plaintiff had used "extremely poor judgment" and his performance was considered unacceptable for his position. Plaintiff was then suspended without pay for two weeks beginning January 5,

2019 through January 18, 2019; suspended from participation on Defendant's committees or service activities during regular paid hours for the following two years; and was required to take mandatory additional training on racial profiling, implicit bias and bias policing.

24. Officer Dean suffered no discipline.

25. In addition, it was discovered that Plaintiff's immediate supervisors manipulated and/or edited the incident reports to remove any information related to Officer Dean's use of a weapon on August 8, 2018.

26. Defendant's behavior in fact damaged Plaintiff and Defendant's behavior was willful and wanton and such actions constitute the requisite acts to support and justify punitive damages.

27. Defendant acted with malice or reckless indifference to federal laws, and it made no good faith effort to comply with federal law. Such actions constitute the requisite acts to support and justify punitive damages.

28. As a direct and proximate result of Defendant's actions and inactions alleged herein, Plaintiff has sustained, and is reasonably certain to sustain in the future irreparable harm in numerous respects, including, but not limited to the following:

    a. Pecuniary and non-pecuniary losses, including, but not limited to, past and future lost wages, employment and job benefits, inconvenience;

    b. Loss of prestige among her co-workers and friends;

    c. Damages relative to embarrassment, humiliation, damage to reputation, and emotional distress;

    d. Attorney's fees and expenses in pursuing redress for the wrong he has suffered by the actions of the Defendant; and

  e. Permanent damage to his ability to secure employment at a level with similar and higher pay and at a level below what his experience and training should generate.

## COUNT I

## DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII

29. Plaintiff restates paragraphs 1 through 28 above and incorporates them by reference as if fully restated herein.

30. This count is instituted under 42 U.S.C. §2000e-2 (a)(1) of Title VII.

31. Plaintiff is Caucasian and at all relevant times was employed by Defendant in St. Louis City, Missouri.

32. Defendant discriminated against Plaintiff on account of his race in violation of the above stated statue by terminating Plaintiff suspending Plaintiff from work for two weeks and removing him from committees for two years and requiring him to attend mandatory bias trainings while not taking the same actions against Officer 1 and Sergeant Agnew.

33. The rationales for discipline of Plaintiff were pretextual.

34. The above-described actions are discriminatory in nature and specifically designated to discriminate against Plaintiff on account of his race.

35. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to discrimination based on race against Plaintiff.

WHEREFORE, Plaintiff prays for judgment in Count I in his favor and against the Defendant and requests the following relief:

  a. Declaring all acts in violation of Title VII;

b.  Defendants be required to compensate, reimburse, and make whole Plaintiff for the full value of both past and future wages and benefits that Plaintiff would have received had it not been for the Defendant's illegal treatment of Plaintiff, with interest thereon;

c.  That Defendants be required to compensate Plaintiff for damages for embarrassment, humiliation, damage to reputation, and emotional distress;

d.  That this Court assess punitive damages against the Defendants in such sum as will properly punish said Defendant for its conduct complained here within; and

e.  That Plaintiff be awarded the costs of this litigation and his reasonable attorneys' fees.

Respectfully submitted,

CLARK LAW OFFICES, LLC


/s/ William J. Clark, IV
William J. Clark
MBE #40134
1717 Park Avenue
St. Louis, MO 63104
Ph:  (314) 495-8797
Fax: (866) 970-2437
Email:  williamclark687@gmail.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to:

Ian Cooper, Esq.
Tueth, Keeney, Cooper, Mohan &

7

Jackstadt, P.C.
34 N. Meramec, Suite 600
St. Louis, MO 63105-3953

/s/ William J. Clark, IV
William J. Clark
MBE# 40134